WALLACE C. DRENNAN, INC.

VERSUS

TIMOTHY P. KERNER, IN HIS CAPACITY AS
MAYOR OF THE TOWN OF LAFITTE AND
THE TOWN OF LAFITTE

NO. 21-CA-664

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-957, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

August 17, 2022

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

**JUDGMENT VACATED; JUDGMENT RENDERED; REMANDED**
 **RAC**
 **SJW**
 **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
WALLACE C. DRENNAN, INC.
    Loretta G. Mince

COUNSEL FOR DEFENDANT/APPELLEE,
TIMOTHY P. KERNER, IN HIS CAPACITY AS MAYOR OF THE TOWN OF
LAFITTE AND THE TOWN OF LAFITTE
    Sidney J. Hardy
    Katherine L. Swartout
    Lynda A. Tafaro

**CHAISSON, J.**

In this case arising from disputed payments on a construction contract, Wallace C. Drennan, Inc. ("Drennan") appeals a June 4, 2022 judgment of the trial court sustaining an exception of no right of action filed by Timothy P. Kerner, Jr., in his capacity as Mayor of the Town of Jean Lafitte, and the Town of Jean Lafitte ("Lafitte"), dismissing Drennan's petition with prejudice and also dismissing as moot a motion for summary judgment filed by Drennan. Defendants have also filed an answer to Drennan's appeal in which they seek modification of the June 4, 2022 judgment to include an award of costs and attorney fees as requested by them. For the following reasons, we vacate the judgment of the trial court, render judgment overruling defendants' exception of no right of action, and remand this matter for further proceedings including consideration of Drennan's motion for summary judgment.

**BACKGROUND**

On January 11, 2019, Drennan and Lafitte entered into a public bid construction contract for Hurricane Isaac drainage improvements for which Lafitte agreed to pay $2,062,809.00 in exchange for the project which was to be completed within one hundred fifty days from commencement pursuant to the terms and conditions set forth in the contract.[1] The contract originally called for a substantial completion date of July 11, 2019. Three change orders were subsequently approved, increasing the total contract price to $2,277,284.75 and changing the substantial completion date to August 13, 2019.

Pursuant to this contract, Meyer Engineers, Ltd. served as Lafitte's representative during the project. The terms of the contract required all

---

[1] A liquidated damages provision in the contract requires Drennan to pay Lafitte a sum of $500.00 for each consecutive calendar day that work was not completed by the contractually mandated substantial completion date.

applications for payment to be submitted by Drennan to Meyer Engineers. Pursuant to this procedure, from March to August of 2019, Drennan delivered monthly certified applications for payment to Meyer Engineers which were subsequently paid by Lafitte.

On October 23, 2019, Lafitte executed a Certificate of Substantial Completion for the project certifying that substantial completion was achieved as of September 27, 2019. This certificate was recorded on November 5, 2019.

On November 1, 2019, and again on March 19, 2020, Drennan submitted certified applications for payment (Pay Applications Nos. 8 and 9). A dispute arose between the parties concerning the final amounts owed under the contract. In May of 2020, Drennan filed a Petition for Writ of Mandamus (Case No. 806-417) against defendants praying for the issuance of a writ of mandamus compelling Lafitte to pay these final two payment applications in accordance with La. R.S. 38:2191(D).[2] Drennan also demanded statutory interest and attorney fees in connection with Pay Applications 8 and 9 and the six prior pay applications for Lafitte's alleged failure to make payments within forty-five days following the receipt of the certified request for payment, as required by La. R.S. 38:2191(B).[3]

Defendants answered this petition contending that the action was premature because the parties are contractually bound to engage in mediation prior to litigation and that there was no right or cause of action because Drennan requested

---

[2] La. R.S. 38:2191(D) states:

D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract, including any authorized change orders.

[3] La. R.S. 38:2191(B) states:

B. (1) Any public entity failing to make any progressive stage payment within forty-five days following receipt of a certified request for payment by the public entity without reasonable cause shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent.

21-CA-664                                          2

amounts beyond that which had been appropriated for the contract. Lafitte also argued that there were no amounts currently due or owing under the contract because, in part, Drennan owed Lafitte liquidated damages for failure to complete the project within the contractually mandated timeframe.

On July 20, 2020, the parties reached an interim settlement agreement concerning Drennan's claims. The trial court entered an order dismissing the Petition for Mandamus which stated:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:
>
> The Petition for Writ of Mandamus filed by Wallace C. Drennan, Inc. is dismissed without prejudice to Wallace C. Drennan, Inc.'s right to file additional pleadings and/or proceedings seeking relief relative to its claims against Defendants, including but not limited to its claim for full payment of all amounts due under the Contract, its claim for statutory interest under section 38:2191, claims for additional attorney's fees and costs, and any claim against Defendants that was not resolved as part of the Parties' interim settlement.

Following this interim settlement agreement, on August 4, 2020, Drennan filed a Petition for Recovery of Interest and Attorney's Fees Pursuant to La. R.S. 38:2191, which is the petition at issue in this appeal (Case No. 808-957). This petition was filed as an ordinary proceeding wherein Drennan specifically seeks $153,993.87 in statutory interest for Lafitte's alleged failure to timely pay the certified applications, as well as attorney fees and judicial interest. In their answer to this petition, defendants denied interest was owed under La. R.S. 38:2191(B) and disputed the dates on which payments were made. Defendants further averred that no amounts were currently due or owing on the contract and that they at no time acted arbitrarily, capriciously, or without reasonable cause.

While this case was still pending, on December 1, 2020, Drennan filed a Second Petition for Writ of Mandamus (Case No. 812-650) against the defendants praying for the issuance of a writ of mandamus requiring Lafitte to pay funds due and owing under the contract as well as "an award of attorney's fees and other

relief" as provided by La. R.S. 38:2191. In this petition, Drennan made new allegations concerning payments owed pursuant to Change Order No. 4, which was executed on July 9, 2020, as well as resolutions approved by the Jefferson Parish Council increasing the funds appropriated to reflect Change Order No. 4. Drennan sought $137,000.00 as additional amounts owed under Pay Applications 8 and 9, as well as costs, judicial interest, and attorney fees as permitted by La. R.S. 38:2191(B). Defendants again opposed this petition.

A bench trial on the Second Petition for Writ of Mandamus was held on December 11, 2020, after which the court allowed the parties an opportunity to submit additional briefs.[4] On February 26, 2021, the trial court entered a judgment in favor of Drennan and issued an alternative writ of mandamus ordering the defendants to pay Drennan the sum of $137,000.00 plus judicial interest. The trial court also rendered judgment in favor of Drennan and awarded it $10,000.00 in attorney fees. In its written reasons for judgment, the trial court conducted an extensive review of the contract's general conditions and the parties' claims for amounts due and made specific findings with respect to the party's obligations under the contract. In these written reasons, the trial court also made statements regarding Drennan's claims for statutory late-payment interest under La. R.S. 38:2191(B) that were not included in the relief requested in the Second Petition for Writ of Mandamus. Specifically, the trial court stated, in part:

> There was no evidence that Drennan had made a timely Claim or brought a dispute to the Engineer for the interest it claimed was due but unpaid, as required by the General Conditions, §§ 9.09 and 10.05 as a condition precedent for any assertion of its rights to such interest in this Court.

> \* \* \*

> Drennan, on the other hand, in addition to failing to file a Claim or Dispute, also failed to file any pleading asserting the statutory interest

---

[4] On December 29, 2020, on an unopposed motion, the present case involving the Petition for Recovery of Interest was transferred to the same division considering the writ of mandamus.

> it claimed was due on both the Final and Progress Stage Payments, requesting only judicial interest in its Petition for Mandamus.

* * *

> Drennan, conversely, did not make a Claim for the interest it claimed was due on progress stage payments, and such a Claim was a condition precedent to asserting its rights in this Court.

Despite these statements made in its reasons for judgment, the trial court did not include any decretal language in its February 26, 2021 judgment regarding Drennan's statutory interest claims.

On March 23, 2021, Drennan filed a Motion for Summary Judgment in the instant case requesting that the trial court render a judgment on its claim for $153,993.87 in statutory interest for alleged late payments pursuant to La. R.S. 38:2191(B) as well as an award of attorney fees and judicial interest. In its memorandum in support of the motion, Drennan argued that there were no genuine issues of material fact remaining and that, as a matter of law, the terms of the contract did not require Drennan to submit its requests for statutory late-payment interest to Meyer Engineers. As part of its argument, Drennan also recognized the trial court's statements regarding its statutory interest claims in the reasons for judgment issued in Case No. 812-650, but argued that the trial court improperly addressed these claims as they were not alleged. Drennan further argued that the doctrines of *res judicata* and law of the case did not apply because the trial court's statements in the reasons for judgment were not part of the official or actual judgment.

On May 12, 2021, defendants responded by filing a peremptory exception of no right of action in which they argued that, according to the court's findings in its reasons for judgment in Case No. 812-650, Drennan failed to satisfy the contractual provisions precedent to filing the suit (including making a timely claim

to Meyer Engineers for the statutory interest Drennan claimed was due but unpaid) and thus had no right of action.

In its opposition to the exception, Drennan argued that defendants' exception is procedurally flawed because: 1) as a contractor under a public bid contract with a public entity, it is indisputably within the particular class of persons to whom the law grants a remedy under La. R.S. 38:2191 and therefore has a right to bring a claim for statutory interest; and 2) defendants' argument that Drennan failed to satisfy the conditions precedent to the contract is an affirmative defense that goes solely to the merits of the case and is not properly raised through an exception of no right of action.

The trial court set the motion for summary judgment and exception of no right of action for hearing on May 27, 2021. Though defendants did not file a peremptory exception of *res judicata*, and the trial court did not notice such an exception on its own motion as allowed under La. C.C.P. art. 927, both Drennan and defendants made brief arguments in their supporting memoranda for and against the preclusive effect of the trial court's statements in its February 26, 2021 reasons for judgment, quoted above, on Drennan's statutory interest claims.[5]

At the conclusion of oral argument, the trial court stated, "I believe we did address the statutory interest question in our reasons for judgment in the prior case. I find that this matter is *res judicata* and that I'm going to grant the defendants' exception of no right of action." The trial court subsequently issued its June 4,

---

[5] At oral argument, the trial court questioned Drennan's counsel as to why Drennan did not include statutory interest claims in the second mandamus proceeding (Case No. 812-650). During the discussion, the trial court mentioned this court's prior ruling in *Handy v. Parish of Jefferson*, 20-122 (La. App. 5 Cir. 6/1/20), 298 So.3d 380, and questioned whether this case required Drennan to litigate all of its claims arising out of the same transaction or occurrence in one suit. In response, Drennan's counsel argued that Drennan could not cumulate ordinary claims for statutory interest with a summary proceeding seeking mandamus relief. Counsel further claimed that defendants objected to the cumulation of these claims in response to Drennan's first mandamus proceeding that the parties settled and dismissed without prejudice. We do not find the *Handy* decision applicable to the present matter as it involved specific circumstances with two lawsuits filed against different defendants, and therefore, did not involve the identity of the parties that exists in the present matter.

2021 judgment sustaining the exception of no right of action and dismissing Drennan's motion for summary judgment as moot. Drennan's timely appeal followed.

## DISCUSSION

*Exception of No Right of Action*

On appeal, Drennan argues that the trial court legally erred in sustaining defendants' exception of no right of action for various procedural and substantive reasons, including an assignment of error that the trial court erred to the extent it sustained defendants' exception of no right of action on the basis that Drennan's claim for statutory interest was or should have been adjudicated in the prior mandamus proceeding. In support of this assignment of error, Drennan notes that the trial court stated in its reasons that it sustained the exception of no right of action on *res judicata* grounds and argues that this was a procedural error because the defendant did not plead an exception of *res judicata*. We agree.

It is clear from the record that the trial court applied the incorrect legal standard when sustaining the exception as *res judicata* instead of applying the standard applicable to an exception of no right of action. When the trial court commits legal error by applying the incorrect legal standard, the appellate court should make its own independent *de novo* review of the record, if the record is otherwise complete, to determine whether the mover has met their burden by a preponderance of the evidence. *Lennie v. Exxon Mobil Corp.*, 17-204 (La. App. 5 Cir. 6/27/18), 251 So.3d 637, 646, *writ denied*, 18-1435 (La. 11/20/18), 256 So.3d 994.

The peremptory exception of no right of action functions as a test of whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews *de novo*. *Khoobehi Props., LLC v. Baronne Dev.*

*No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 296. In examining an exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit, and the court assumes that the petition states a valid cause of action. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n*, 94-2015 (La. 11/30/94), 646 So.2d 885.

La. R.S. 38:2191 governs payments under a public bid contract in Louisiana. In the same way a prior provision, La. R.S. 38:2188, grants a public entity the right to file a writ of mandamus to compel the performance of a public works contract, La. R.S. 38:2191 grants persons that contract with the public entity the right to compel payment for work performed under the contract. The statute states in part:

> A. All public entities shall promptly pay all obligations including approved change orders, arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.
>
> B. (1) Any public entity failing to make any progressive stage payment within forty-five days following receipt of a certified request for payment by the public entity without reasonable cause shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the public entity shall be liable for reasonable attorney fees and interest charged at one-half percent accumulated daily, not to exceed fifteen percent.
>
> (2) Any interest received by the contractor pursuant to Paragraph (1) of this Subsection, shall be disbursed on a prorated basis among the contractor and subcontractors, each receiving a prorated portion based on the principal amount due within ten business days of receipt of the interest.

By this language, Drennan, the contractor with whom Lafitte contracted for the hurricane drainage work, is clearly the party to whom the law grants the right of action to recover interest for late payments. Therefore, on our *de novo* review,

we vacate the judgment of the trial court and render judgment overruling defendants' exception of no right of action.

While both parties have made arguments relating to *res judicata*, both before the trial court and even more extensively in their appellate briefs before this Court, and the trial court apparently rendered its decision on the exception of no right of action applying the legal standards for an exception of *res judicata*, it is clear from the record that defendants did not file an exception of *res judicata*, and the trial court did not notice the exception on its own motion. Presumably because the exception of *res judicata* was never properly raised in the trial court, the parties did not fully brief their arguments relating to the application of this doctrine before the trial court and did not introduce any evidence directly in support of or in opposition to the required elements of *res judicata*.[6] In light of these deficiencies, we express no opinion as to whether grounds to grant an exception of *res judicata* exist in this matter, we decline to notice the exception of *res judicata*, and we decline to address the merits of the parties' arguments on that issue in the absence of a properly raised exception.[7]

*Motion for Summary Judgment*

In light of our reversal of the trial court's ruling on defendants' exception of no right of action, Drennan's motion for summary judgment is no longer moot. However, because the trial court did not previously rule on the merits of this

---

[6] Five elements must be satisfied for a finding that a second action is precluded by *res judicata*: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. La. R.S. 13:4231; *State O/b/o T. J. & T. J. v. Johnson*, 20-154 (La. App. 5 Cir. 12/16/20), 309 So.3d 838, 841.

Furthermore, La. R.S. 13:4232 provides three exceptions to the general principle of *res judicata* set forth in La. R.S. 13:4231.

[7] Appellees have argued that the trial court did not err in sustaining the exception of no right of action because "Drennan was required to present its claims for the additional sums due under the contract to the Engineer." Such an argument is properly made in a dilatory exception of prematurity. To the extent this argument relies upon the findings of the separate case on the second writ of mandamus, it is also part of the *res judicata* arguments we decline to consider here.

21-CA-664                                   9

motion, we decline to consider the motion in the first instance and remand this matter to the trial court for consideration of Drennan's motion for summary judgment. *See Falcon v. Town of Berwick*, 03-1861 (La. App. 1 Cir. 6/25/04), 885 So.2d 1222, 1225.

*Answer to Appeal*

Having vacated the trial court's judgment on defendants' exception of no right of action, we decline their request for the award of costs and attorney fees.

**CONCLUSION**

We find that the trial court legally erred when it sustained the exception of no right of action by applying the incorrect legal standard. Applying the correct legal standard, upon *de novo* review of the evidence, we find that Drennan is of the class of persons authorized by La. R.S. 38:2191 to file a suit against defendants for statutory interest for late-payments on a public bid contract. We therefore vacate the judgment of the trial court and overrule defendants' exception of no right of action. We decline to consider arguments relating to *res judicata* where the issue was not raised by a properly filed exception.

Additionally, we decline to rule on the merits of Drennan's motion for summary judgment in the first instance and decline to award costs and fees as requested by defendants in their answer to this appeal. Lastly, we remand this case to the trial court for further proceedings.

**<u>JUDGMENT VACATED;</u>**
**<u>JUDGMENT RENDERED;</u>**
**<u>REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**AUGUST 17, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-664

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
LORETTA G. MINCE (APPELLANT)          LYNDA A. TAFARO (APPELLEE)          SIDNEY J. HARDY (APPELLEE)

**MAILED**
KATHERINE L. SWARTOUT (APPELLEE)
ATTORNEY AT LAW
909 POYDRAS STREET
SUITE 1000
NEW ORLEANS, LA 70112